IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

        Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

        Defendants.

---

### ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR PRELIMINARY INJUNCTION

---

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Preliminary Injunction or, In the Alternative, Appointment of Counsel (**#125**). Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff contends that he has had difficulty in contacting prospective witnesses in preparation for trial. He therefore asks the Court to enter a preliminary injunction, or, alternatively, to appoint counsel.

Trial courts have the discretion to appoint *pro bono* counsel in appropriate cases. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995). In determining whether to appoint counsel, the Court considers the particular circumstances of the case, including the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues presented.  *See id.*

A trial is required on many of the Plaintiff's claims and is scheduled to commence on May 30, 2006.  Several deadlines in this case are rapidly approaching: designation of witnesses (January 18), designation of rebuttal experts (February 1), dispositive motions (January 31), and completion of discovery (February 15).  Although the factual issues are not complex, the Plaintiff now contends that he is encountering difficulties in preparing for trial because of his incarcerated status.  He asserts that prison officials have prevented him from corresponding with potential witnesses and others concerning this case.  Under these alleged circumstances, the Court concludes that counsel should be appointed.

Because he is likely unfamiliar with the process by which *pro bono* counsel are appointed, the Court advises the Plaintiff that the granting of this motion does not necessarily mean that an attorney will appear on his behalf in this case.  In response to this Order, the Clerk of Court will contact each eligible attorney on its *pro bono* panel, and advise them that the Court has identified this case as one in which *pro bono* assistance might be appropriate.  Each attorney on the panel will have the opportunity to review the case file and determine whether the case is consistent with the attorney's expertise and experience, whether there may be claims worth pursuing, whether the amount of work necessary to pursue the case can be achieved given the attorney's other matters, and so on. Each attorney on the *pro bono* panel will have the opportunity to decide whether to accept or deny appointment in this case.  If no attorney on the panel volunteers to appear as counsel for the Plaintiff, then the Plaintiff will have to continue to proceed *pro se*, notwithstanding this Court's determination that an attorney should be appointed.  In other words, the Court will

not <u>force</u> an attorney to represent the Plaintiff.  Rather, this Order merely gives the attorneys on the panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the Plaintiff.  The Clerk of Court will advise all parties if an attorney agrees to representation, or, if after a canvassing of the entire panel of eligible *pro bono* attorneys, no attorney agrees to accept appointment.

Because the foregoing explains why this Order does not guarantee that a *pro bono* attorney will ultimately appear for the Plaintiff, the Court further advises the Plaintiff that <u>unless and until an attorney agrees to represent him and enters an appearance on his behalf, he remains personally responsible to comply with the Court's Orders and deadlines, and to take all other actions necessary to continue to pursue this case</u> as if proceeding on his own.  Moreover, because of the possibility that no attorney might volunteer, the Court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.

In granting this motion, the Court is cognizant that the Defendants have not yet had an opportunity to respond to it.  However, given the various and rapidly approaching deadlines in this case, a prompt ruling is required.  Because the Court is granting the Plaintiff's request for appointed counsel, the Court denies his request for a preliminary injunction, which is asserted in the alternative.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Motion for Appointment of Counsel **(#125-2)** is **GRANTED**.

(2) The Clerk of Court shall canvass the *pro bono* panel to determine whether any qualified attorney is willing to accept appointment subject to the terms outlined

    above. If an attorney agrees to undertake volunteer representation or, if upon a canvassing the entire eligible panel, no attorney has expressed a willingness to accept appointment, the Clerk of Court shall promptly file and serve on all parties a notice to that effect. Unless and until a volunteer attorney is secured, the Plaintiff remains personally obligated to comply with all procedures and deadlines established in this case.

(3)  The Plaintiff's Motion for a Preliminary Injunction (**#125-1**) is **DENIED**.

Dated this 5th day of January, 2006

            **BY THE COURT:**

            *Marcia S. Krieger*
            _____

            Marcia S. Krieger
            United States District Judge