IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

    Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

    Defendants.

---

**ORDER GRANTING, IN PART, THE DEFENDANTS'
MOTION TO DISMISS ON GROUNDS OF MOOTNESS, AND
DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss on Grounds of Mootness **(#134),** to which the Plaintiff responded **(#166)** and the Defendants replied **(#194)**.[1] Also pending is the Plaintiff's Motion for Partial Summary Judgment **(#137)**, to which the Defendants responded **(#160)**, and the Plaintiff replied **(#186)**. Having considered the motions, the responses, and the replies, the Court finds and concludes as follows.

### I. Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter

---

[1] The Plaintiff and the Defendants filed motions **(#159, #193)** requesting enlargements of time to file a response and reply with regard to the Motion to Dismiss. The Defendants' motion is unopposed, and no response to the Plaintiff's motion was timely filed. Good cause having been shown, both such motions are granted.

jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The Plaintiff, Mark Jordan, is a federal prisoner currently housed at the United States Penitentiary – Administrative Maximum Detention Unit in Florence, Colorado. He asserts constitutional tort claims based upon alleged violations of his First Amendment rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In March 2004, this Court issued an order partially granting the Defendants' (hereinafter "Prison Officials") motion to dismiss or for summary judgment and partially granting Mr. Jordan's motion for summary judgment. The Court certified the judgment pursuant to Fed. R. Civ. P. 54(b), and Mr. Jordan appealed. The Tenth Circuit dismissed the appeal for lack of subject matter jurisdiction in September 2005. In its ruling, the Tenth Circuit identified an additional claim which this Court had not discerned from Mr. Jordan's *pro se* Complaint.

In light of the Tenth Circuit's ruling, the Court held a hearing on October 21, 2005. At the hearing, the parties agreed that Mr. Jordan now asserts the following four claims for relief:

(1) 28 C.F.R. § 540.20 ("the regulation")[2] is unconstitutional on its face because it impermissibly violates the First Amendment.

(2) In applying the regulation, the Prison Officials violated Mr. Jordan's First Amendment rights by exceeding the scope of the regulation.

(3) In applying the regulation, the Prison Officials retaliated against Mr. Jordan for exercising his First Amendment rights.

---

[2] The pertinent portion of the regulation is § 540.20(b), which provides that an "inmate may not act as reporter or publish under a byline."

(4) In applying the regulation, the Prison Officials violated Mr. Jordan's First Amendment rights because the regulation is impermissibly vague.

These claims derive from Mr. Jordan's submission of essays to *Off!* magazine which were published under a byline and which resulted in the imposition of discipline against him for violation of the regulation. Mr. Jordan seeks to recover only declaratory and injunctive relief.[3]

The Prison Officials argue that its implementation on January 31, 2006 of two Institution Supplements has rendered Mr. Jordan's claims moot. The new Supplements are I.S. FLM 1480.05B (News Media Contacts) and I.S. FLM 5265.11E (Correspondence), both of which provide in relevant part:

> 2. An inmate may not be employed as, nor act as, a reporter. An inmate may not receive compensation or anything of value for correspondence with the news media.
> 3. A column or article published under a byline alone is not prohibited conduct. Staff shall examine the relationship between the inmate's activities and the inmate's contacts with the news media. The activities which may be evidence of prohibited conduct, in conjunction with an inmate written byline, include but are not limited to:
>    (a) when the inmate publishes a news article or new column in the news media – as the term "news media" is employed in 28 C.F.R. § 540.20(b) – on a regularly occurring basis (consistent with the news media's ordinary publication cycle, i.e., daily, weekly, quarterly, etc.).
>    (b) when the inmate enters into a contractual or other agreement with a member of the news media for a regularly published news column or news article; or
>    (c) when the inmate undertakes regularly occurring article or column "job" assignments with the news media. An inmate publishes on a regularly occurring basis when his publication of articles or columns is such that it indicates

The Prison Officials represent that these Institution Supplements will be applied to Mr. Jordan no

---

[3] Therefore, the Defendants' companion motion seeking summary judgment on their defense of qualified immunity is moot. (*See* # **133**).

matter where he is housed, that the conduct previously engaged in by Mr. Jordan would not be subject to discipline under these supplements, and that Mr. Jordan's prior disciplinary infractions have been expunged from his prison record and will not be used against him for any purpose. Mr. Jordan argues that these Institution Supplements do not render any of his claims moot.

### III. Issues Presented

The Court must first determine whether any of Mr. Jordan's claims are now moot. If any claims are not moot, the Court must determine whether a trial is required. Because Mr. Jordan is *pro se*, the Court liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### IV. Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss claims over which the Court lacks subject matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).

Here, the Prison Officials have presented evidence in the form of two Institution Supplements. The parties do not dispute the existence of these Institution Supplements, but they dispute their legal significance.

Article III of the United States Constitution authorizes this Court to adjudicate only actual cases and controversies. *See Shawnee Tribe v. United States*, 423 F.3d 1204, 1212 (10th Cir.

2005). If a claim is moot, a court must dismiss it for lack of subject matter jurisdiction. *See Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1213 (10th Cir. 2005). Here, the Prison Officials bear a heavy burden of establishing that Mr. Jordan's claims are moot. *See Exploration Corp. v. Aguirre*, 947 F.2d 450, 453 (10th Cir. 1991).

Sometimes events occur after the commencement of a lawsuit that prevent any decision from providing relief on a plaintiff's claims. Although redress might have been possible when the suit commenced, if a court is no longer able to provide redress for claims, then such claims become moot. *See Shawnee,* 423 F.3d at 1212. For instance, an "as applied" challenge to a regulation can become moot if the regulation is no longer applied. *See, e.g., Ramirez v. Sanchez Ramos*, 438 F.3d 92, 100-01 (1st Cir. 2006) ("as applied" challenge to criminal statute was denied, as moot, because criminal charges for violation of the statute were dismissed); *Republican Party of Minn., Third Congressional Dist. v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004) (same).

There are several exceptions to the mootness doctrine. A claim is not moot if: (1) secondary injuries persist after resolution of the primary injury; (2) the claim is capable of repetition yet evades review; (3) cessation of the challenged conduct is voluntary and could be resumed at any time; or (4) the suit is certified as a class action. *See id.* at 1212; *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The Prison Officials argue that the two Institution Supplements render Mr. Jordan's claims moot. They state that pursuant to the Institution Supplements, Mr. Jordan may engage in the behavior he did in the past without fear of any recourse. They further represent that if Mr. Jordan is moved to another facility, the Institution Supplements will continue to be applied to him. They

also represent that Mr. Jordan's prior incident reports for violation of the regulation have been expunged and will not be used against him for any purpose.

Mr. Jordan contends that his claims are not moot because he does not trust the Prison Officials' representation that the expunged disciplinary violations will not be used against him. He believes that his disciplinary reports have been incorporated into other files, including a Bureau of Prisons Progress Report considered at his last clemency hearing in 2005 (before implementation of the Institution Supplements). He is concerned that this information will be incorporated into a Pre-Sentence Investigation Report regarding a separate criminal matter and that the information will be considered at future clemency hearings. He is also concerned that the Prison Officials might charge him with violations of the regulation for the same conduct in which he previously engaged.

With regard to the Mr. Jordan's facial challenge to the regulation, the Court agrees with Mr. Jordan that such claim is not moot. His facial challenge is aimed directly at the regulation, which has not changed. Although the Prison Officials' interpretation of the regulation might be pertinent to the merits of this claim, it does not render the claim moot. At trial, the Court will assess the validity of the regulation through application of the test prescribed in *Turner v. Safley*, 482 U.S. 78 (1987).[4]

With regard to Mr. Jordan's challenges to the regulation's application, however, the

---

[4] Under such test, a court considers: (1) whether there is a rational connection between the regulation and a legitimate and neutral penological interest; (2) whether there are alternative means of exercising the asserted constitutional right; (3) whether accommodating the asserted right will have an undue burden on guards, other inmates, and the allocation of prison resources; and (4) whether there are "easy alternatives" which can be implemented at a *de minimis* cost and which show that the response of prison officials is exaggerated.

Court concludes that such claims are now moot. Such claims pertain to past applications of the regulation to Mr. Jordan. Mr. Jordan seeks no damages for these alleged violations – only a declaration that the application of the policy violated his rights and an injunction preventing further violation. Presumably, the request for the declaratory judgment and injunction is to prevent any adverse impact arising from reference in Mr. Jordan's file to disciplinary infractions for violating the regulation.

The Prison Officials state that because they have expunged Mr. Jordan's two regulation-based disciplinary infractions and promise not to use them for any purpose, there is no longer any past application of the regulation to Mr. Jordan. The Prison Officials also represent that they will not interpret or apply the regulation in the manner they previously did and that the actions engaged in by Mr. Jordan in the past will not be punishable in the future. They are bound by these representations and promises.

Mr. Jordan's fear that the Prison Officials will not keep their word does not fall within the exceptions to the mootness doctrine. Mr. Jordan does not contend that he has been punished for violating the regulation subsequent to implementation of the Institution Supplements. The Court is confident that the Prison Officials will ensure that Mr. Jordan is not accidentally charged with a violation of the regulation based upon conduct of the same type which gave rise to the prior, now expunged, violations. The Court is also confident that the Prison Officials will ensure that the expunged violations are not used against Mr. Jordan for any purpose.

To ensure compliance, these representations of the Prison Officials will be reflected in a stipulated Order in this case. Should the Prison Officials not comply with their representations, Mr. Jordan will have redress in this action for violation of a court order.

Mr. Jordan also objects to the two Institution Supplements contending that they are unconstitutional and were promulgated in violation of the Administrative Procedures Act. The Court cannot consider these objections at this juncture. Any direct challenges to the Institution Supplements would constitute new claims that must be exhausted through the prison's administrative process before being asserted in this Court. Indeed, Mr. Jordan represents in his response that he is currently pursuing administrative remedies on such claims.

### V.  Motion for Summary Judgment

Mr. Jordan moves for summary judgment with respect to his facial challenge to the regulation. He previously filed a similar motion, which this Court denied after concluding that there was a genuine dispute as to a material fact requiring a trial. The Prison Officials contend that pursuant to the evidence they submitted with their response to the prior summary judgment motion, the Court should deny Mr. Jordan's current motion.

In the Court's prior ruling, it concluded that Mr. Jordan made a *prima facie* showing that the regulation impinges upon his First Amendment right to freedom of expression and that his evidence supported an inference that the regulation is not rationally related to the legitimate penological interest of prison security. The Prison Officials produced contrary evidence which supported an inference that allowing inmates to publish articles in magazines which then return to the prison is disruptive to prison security by drawing attention to a particular inmate and that the security interest would be unduly burdened if the Prison Officials are forced to accommodate Mr. Jordan's free speech. Because there existed a genuine dispute as to material facts, the Court concluded that a trial was required and denied the request for summary judgment.

Mr. Jordan now contends that the Court is not bound by its earlier ruling because he has

discovered new evidence which demonstrates that there is really no factual dispute. However, what he actually contends is that the Court is required to disregard any post hoc rationalizations offered by the Prison Officials to support the regulation's validity and instead may only consider the regulation's stated purpose: to prevent an inmate from "obtaining a disproportionate prominence and influence among other prisoners" and from "using his confined situation, and information gained thereby, to conduct a business." He believes this stated justification is not legitimate and neutral as a matter of law because it is premised upon the effect of speech on listeners and is not "content-neutral."[5]

Mr. Jordan's contention is misplaced. Whether a regulation is content-neutral matters when determining whether the First Amendment is violated. In this case, the issue is not whether the regulation impinges upon the First Amendment rights of inmates. Rather, the issue is whether it is justified. The Prison Officials have identified prison security as the neutral penological objective of the regulation. This creates a factual issue to be resolved at trial. Because there remains a genuine dispute as to material facts, the Court denies Mr. Jordan's renewed summary judgment motion.

**IT IS THEREFORE ORDERED** that:

(1) Mr. Jordan's Motion for Five-Day Extension of Time to File Response to Defendants' Motion to Dismiss on Grounds of Mootness **(#159)** and the Prison Officials' Unopposed Motion for One-Day Extension of Time to File Reply in Support of Motion to Dismiss on Grounds of Mootness **(#193)** are **GRANTED**.

---

[5] Mr. Jordan has cited to no law which supports his position that post hoc rationalizations cannot be considered. The Court has found no such law in its research.

(2) The Prison Officials' Motion to Dismiss on Grounds of Mootness **(#134)** is **GRANTED IN PART** and **DENIED IN PART.**

(3) On or before **April 25, 2006**, the parties shall submit a stipulated Order to the Court at krieger_chambers@cod.uscourts.gov which sets forth the Prison Officials' agreement to adhere to their representations regarding the application of the Institution Supplements and regulation to Mr. Jordan. The stipulated Order also shall provide for the dismissal of all claims except for Mr. Jordan's claim that the regulation, 28 C.F.R. § 540.20, is unconstitutional because it impermissibly violates the First Amendment.

(4) The Prison Officials' summary judgment motion **(#133)** on grounds of qualified immunity is **DENIED**, as moot, because Mr. Jordan does not seek to recover monetary relief.

(5) Mr. Jordan's Motion for Partial Summary Judgment **(#137)** is **DENIED**.

Dated this 17th day of April, 2006

                                                        **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                                Marcia S. Krieger
                                                United States District Judge