IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

    Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

    Defendants.

---

### *AMENDED* ORDER

---

  THIS MATTER comes before the Court on the representations of Defendants

Michael V. Pugh, Warden, United States Penitentiary, Administrative Maximum

("ADX"), Florence, Colorado; J. York, ADX Special Investigative Service ("SIS")

Technician; R.E. Derr, ADX Case Manager; B. Sellers, ADX SIS Technician; and

Stanley Rowlett, ADX Unit Manager (hereinafter, "the Defendants"), in their official

capacities.

  1.  On January 31, 2006, the Federal Bureau of Prisons ADX Florence facility

revised Institution Supplement ("I.S.") FLM 1480.05B, <u>News Media Contacts</u>, and I.S.

FLM 5265.11E, <u>Correspondence</u>. The Defendants represent that these supplements

prohibit them or any other Bureau of Prisons ("BOP") employee from punishing the Plaintiff for "publish[ing] under a byline," as set forth in 28 C.F.R. 540.20(b), regardless of the BOP institution or facility in which he is housed. The Defendants further represent that the Plaintiff's Incident Report No. 872391, concerning an incident dated April 3, 2001, and his Incident Report No. 936439, concerning an incident dated November 6, 2001, have both been expunged from his prison record, and that the expunged disciplinary infractions will not be used against the Plaintiff for any purpose.

2.      Based upon these representations, the Court in its Order Granting, in Part, the Defendants' Motion to Dismiss on Grounds of Mootness, and Denying the Plaintiff's Motion for Summary Judgment **(#216)**, determined that all claims based upon past application of the regulation are now moot.

3.      This Order is issued to ensure that the Plaintiff has redress if the Defendants do not act in accordance with their representations.

**IT IS HEREBY ORDERED** that:

(1)      The Order **(#228)** is **VACATED** and superceded by this Amended Order, which is issued *nunc pro tunc* to May 1, 2006.

(2)      All claims based upon past application of 28 C.F.R. 540.20(b) are dismissed.

(3)      No BOP employee shall punish the Plaintiff solely for "publishing under a

byline," as set forth in 28 C.F.R. 540.20(b), regardless of the BOP

institution or facility in which he is housed, nor shall they take any adverse

action against the Plaintiff based upon expunged disciplinary reports.

Dated this 23rd day of May, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge