IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

       Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

       Defendants.

**ORDER DENYING MOTIONS TO RECONSIDER AND MOTION TO DISMISS**

THIS MATTER comes before the Court on competing motions for reconsideration **(#243, 245)** of the Court's April 17, 2006 Order **(#216)**.  The Court has considered these motions and the responses **(#255, #248)** and replies **(#259, #262)** thereto.  Also before the Court is the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction **(#223)**, to which the Plaintiff responded **(#237)** and the Defendants replied **(#240)**.  Having considered these as well, the Court finds and concludes as follows.

**I. Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Background**

This case involves a facial challenge by Mark Jordan, a federal inmate, to 28 C.F.R.

§ 540.20 ("the regulation"), which provides that an "inmate may not act as reporter or publish

under a byline." In its April 17, 2006 Order, the Court ruled that Mr. Jordan's challenges to the regulation's application were moot because his past disciplinary infractions for violation of the regulation were expunged, and he would not be punished in the future for the same conduct pursuant to two Institution Supplements.[1] However, the Court also ruled that his facial challenge to the regulation was not moot because such challenge is aimed directly at the regulation, which has not changed. The Court stated that the Prison Officials' interpretation of the regulation might be pertinent and, at trial, the Court will assess the validity of the regulation through application of the test prescribed in *Turner v. Safley*, 482 U.S. 78 (1987).

Both sides now seek reconsideration of the April 17 Order. Mr. Jordan seeks reinstatement of the dismissed "as-applied" claims, and the Prison Officials seek dismissal of the remaining claim, as moot. In addition, the Prison Officials separately move to dismiss Mr. Jordan's remaining claim, arguing that he lacks standing and that the claim is not ripe.

### III. Issues Presented

The issues presented are: (1) whether the Court should reinstate any dismissed "as-applied" claims; and (2) whether the Court should dismiss Mr. Jordan's remaining claim as moot, for lack of standing, or as not ripe.

---

[1] Following issuance of that Order, the Court issued another Order **(#236)** which provided:
> No BOP employee shall punish the Plaintiff solely for "publishing under a byline," as set forth in 28 C.F.R. 540.20(b), regardless of the BOP institution or facility in which he is housed, nor shall they take any adverse action against the Plaintiff based upon expunged disciplinary reports.

## IV.  Analysis

### A.  Motions for Reconsideration

The purpose of a motion to reconsider is not to reassert arguments that were previously raised or to raise new arguments which could have been raised in the first instance. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).  Instead, a court may reconsider its prior ruling in accordance with Fed. R. Civ. P. 60(b), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

There are three possible grounds which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

#### 1.     Mr. Jordan's Motion to Reconsider

In his motion for reconsideration, Mr. Jordan contends that by dismissing the as-applied claims as moot, the Court relied upon misrepresentations by the Prison Official Defendants that his prior disciplinary infractions would be expunged and not used for any purpose.  He asserts that his assignment to a Control Unit in 2005 was based upon the now-expunged disciplinary

infractions, and his sentencing in a criminal case in March 2006 took into consideration the expunged infractions.

The Prison Officials respond that the housing assignment occurred in 2005, before the disciplinary infractions were expunged in January 2006, and was based in part upon Mr. Jordan's conviction for murdering another inmate. They also assert that there is no evidence that the sentencing judge considered expunged disciplinary infractions, because the addendum to the presentence report showed that they were expunged and the record of the sentencing does not show that the judge considered them.

Both complained-of actions occurred before the April 17 Order. The first pertains to Mr. Jordan's 2005 housing assignment, which is not challenged in this action.[2] The other pertains to Mr. Jordan's March 2006 sentencing in a criminal matter, which also is not challenged in this civil action.[3] Mr. Jordan points to no events which occurred after the April 17 Order in which his expunged disciplinary convictions were considered for any purpose. Therefore, his as-applied claims remain moot, for the reasons previously stated in the April 17 Order.

---

[2] This would be a new claim – that Mr. Jordan's housing assignment is impermissibly based upon expunged disciplinary infractions. Mr. Jordan does not contend that, once his disciplinary infractions were expunged, he sought any change to his housing assignment through administrative channels, nor has he sought amendment of his complaint to assert such a claim.

[3] Nor could he challenge the imposition of a criminal sentence in this civil case. Indeed, if the sentencing judge considered expunged disciplinary infractions in imposing Mr. Jordan's sentence after being advised by the probation officer that such infractions were expunged, then it was Mr. Jordan's responsibility to bring this to the sentencing judge's attention. Improper consideration of expunged disciplinary infractions also would not be attributable to the Prison Officials. To the extent that Mr. Jordan argues that the Prison Officials were required to remove any reference to the expunged disciplinary infractions from the presentence report, he overlooks the fact that presentence reports are prepared by probation officers, who work within the purview of the Court, not the Federal Bureau of Prisons. An addendum to a presentence report is a perfectly appropriate way to inform a sentencing judge that disciplinary infractions have been expunged subsequent to preparation of the original report.

**2. Prison Officials' Motion to Reconsider**

The Prison Officials ask the Court to reconsider the April 17 Order as well. They argue that the Court should dismiss the remaining claim as moot because of the two Institution Supplements. They assert that the Bureau of Prisons will no longer be able to apply the regulation to Mr. Jordan without reference to the Institution Supplements, and therefore, "the bare regulation is no longer at issue." They contend that this Court misapprehended the facts and the controlling law.

Mr. Jordan opposes the motion. He argues that the motion does not advance any new evidence or any change in the controlling law which warrants reconsideration. He also contends that the motion was untimely filed because it was not filed within 10 days after the Order was issued as required by Fed. R. Civ. P. 59(e).

The Prison Officials' motion was filed pursuant to Fed. R. Civ. P. 60(b), just as Mr. Jordan's was, and it was timely filed. However, the Court previously rejected the Prison Officials' position on this issue, as they cited no controlling legal authority for their position at that juncture.

The Prison Officials now rely upon *Ward v. Rock Against Racism*, 491 U.S. 781 (1989), which they did not previously cite to this Court. Such case addressed a facial challenge to a city sound-amplification guideline which required users of a bandshell to use a sound system provided by the Department of Parks and Recretion. The guideline did not prohibit speech and instead regulated its volume. Quoting from other caselaw, the Supreme Court stated that "[a]dministrative interpretation and implementation of a regulation are, of course, highly relevant

5

to our analysis, for in evaluating a facial challenge to a state law, a federal court must consider any limiting construction that a state court or enforcement agency has proffered." *Id.* at 795-96 (Citations and ellipsis omitted). It then concluded that "any inadequacy on the face of the guideline" could be remedied by the manner in which the city applied it. *Id.* at 796.

*Ward* is distinguishable for a variety of reasons. First of all, the First Amendment challenges are different. *Ward* involved a claim that the city guideline was void because it placed unbridled discretion in the hands of city officials and was not content-neutral; the complainant argued that city officials could vary the quality and volume of sound based upon the message being conveyed. In the case at bar, Mr. Jordan claims that the regulation constitutes an impermissible prior restraint on speech because it imposes a blanket ban on a particular type of speech. *Ward* also involved a city's interpretation of its own guideline, and the city's policy was to defer to the event sponsor's desires regarding sound quality. In contrast, the case at bar involves a national regulation which continues to have application in other prisons notwithstanding the Institution Supplements. Therefore, the Supreme Court's decision in *Ward* does not compel the determination that Mr. Jordan's claim is moot.

This Court previously determined that Mr. Jordan's facial challenge to the regulation is not moot because the regulation still exists. The Prison Officials have cited no law to this Court which supports a contrary ruling, and the Court is aware of none. Therefore, the Court declines to reconsider its earlier ruling.

**B.  Motion to Dismiss**

The Prison Officials argue that Mr. Jordan's remaining claim should be dismissed for any of three reasons: (1) the claim cannot be determined without reference to the Institution

Supplements, and Mr. Jordan has not exhausted any claims challenging the Institution Supplements; (2) Mr. Jordan lacks standing to challenge the regulation because he has suffered no injury in fact given the implementation of the Institution Supplements precluding the regulation's application to him; and (2) the claim is not ripe in light of the Institution Supplements.

Mr. Jordan responds that his challenge is to the regulation, not to the Institution Supplements. He also contends that the Institution Supplements do not impact his standing because they were promulgated after he commenced this action.

The asserted claim is a direct challenge to the regulation, not to the Institution Supplements. Mr. Jordan has standing to assert this claim. The regulation was applied to him before he commenced this lawsuit and such application continued to impact him at that time. *See Aid for Women v. Foulston*, 441 F.3d 1101, 1109 (10th Cir. 2006) (standing assessed at time lawsuit commenced). The claim was also ripe at that juncture, as Mr. Jordan exhausted administrative remedies on the claim he presented. Therefore, the Court will not dismiss his claim.

**IT IS THEREFORE ORDERED** that:

(1)   The parties' motions for reconsideration **(#243, 245)** are **DENIED**.

(2)   The Defendants' motion to dismiss **(#223)** is **DENIED**.

Dated this 6th day of September, 2006

                                          **BY THE COURT:**

                                          */s/ Marcia S. Krieger*

                                          Marcia S. Krieger
                                          United States District Judge