IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

    Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

    Defendants.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

THIS MATTER comes before the Court on the Plaintiff's Petition for Writ of Habeas Corpus as Testificandum **(#278)**, to which the Defendants responded **(#281)** and the Plaintiff replied **(#282)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

This matter is set for a 3-day bench trial to commence on October 30, 2006. The Plaintiff now moves pursuant to 28 U.S.C. § 2241(c) for a writ of habeas corpus ad testificandum which would allow him to appear at the trial in person. The Defendants oppose his request.

A prisoner has no absolute right to attend the trial of his civil action. *See Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 267 (10th Cir. 1994); *see also Latiolais v. Whitley,* 93 F.3d 205, 208 (5th Cir. 1996) (prisoner has no constitutional right to attend a civil trial). However, this does not mean that a court may summarily exclude him from the trial. *See*

*Latiolais*, 93 F.3d at 208. Although it is preferable that a prisoner-plaintiff attend trial in person, and a just result may be threatened by his absence, there are countervailing considerations. *See Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107, 111-12 (4th Cir. 1988). These include: (1) the expense of facilitating his presence; (2) security concerns; (3) logistical issues; and (4) the Court's control over its docket. *Id.* (citing *Price v. Johnston,* 334 U.S. 266, 285-86(1948)).[1] Against these factors the Court considers whether the prisoner's physical presence in the courtroom will substantially further the resolution of the case, and whether the suit can be stayed until the prisoner has completed his sentence. *See Latiolais*, 93 F.3d at 208.

The Plaintiff states that if he is ordered to appear by video rather than in person, he will not be able to confer with counsel during the trial on a "real time" basis because there is no telephone in the ADX courtroom containing the videoconferencing equipment. He argues that "real time" conferencing is necessary because his newly retained counsel anticipate several surprises during the course of trial which they will not be equipped to handle without the Plaintiff's assistance. He is also concerned that he will not be allowed to use a telephone to confer with counsel during recesses and before and after trial. This concern derives from his experience during the trial in a separate action in which prison staff denied him access to a telephone, and also from his difficulties in conferring with counsel in this case.

The Defendants contend that the Plaintiff should not attend this trial in person. They

---

[1] The Supreme Court's ruling in *Price* is often quoted for the following: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *See Price*, 334 U.S. at 285. Although *Price* did not address whether a prisoner-plaintiff could be prevented from attending his civil trial in person, appellate courts have relied on *Price* for that exact proposition. *See Muhammad* and *Latiolais*, *supra*. There is no published Tenth Circuit caselaw on this issue.

argue that the Plaintiff has engaged in violent behavior and has been convicted of killing another inmate with a homemade weapon. For this reason, they aver that the Plaintiff is housed in the administrative maximum federal prison in Florence, Colorado, in its restrictive Control Unit. The Defendants further assert that transportation of the Plaintiff would require substantial personnel and create an opportunity for the Plaintiff to escape, harm others, or smuggle contraband which can be turned into weapons. They also state that during the trial, the Plaintiff would necessarily be housed at FCI-Englewood which is a less secure facility than where he is currently housed.

The Defendants contend that the Plaintiff can adequately participate in his own trial by videoconference, because he will be permitted to consult with his attorneys by telephone during breaks and at the beginning and end of the trial day in a room which is 15 to 20 feet away from the ADX courtroom where the videoconferencing equipment is located. They state that a representative from the ADX Legal Office will be present throughout the trial to ensure that these conferences occur and that they are confidential. They further proffer that if the Plaintiff were housed in FCI-Englewood during the trial, he would actually be more limited in his ability to confer with counsel because of his daily transportation to and from the courthouse.

The issues and concerns raised by the Plaintiff in his motion are not unusual. Any time a prisoner appears at trial by videoconferencing when his counsel does not, the prisoner is deprived of the ability to consult with counsel on an immediate basis. Instead, conferences must occur before or after the trial or during scheduled breaks. This imposes an added burden upon the Plaintiff and his counsel to keep track of specific issues which require consultation. It also can impact the order in which questions are presented to the various witnesses during the trial. This problem is particularly significant in this case because his counsel are newly appointed and are law

3

students working with a faculty advisor who represent him pursuant to General Order 2005-3 (Order Adopting Student Practice Rule).[2]

The Court notes that the Plaintiff has recently been transported to and appeared in this courthouse in conjunction with Criminal Action No. 04-cr-00229-LTB. The Court appreciates that to be physically present for trial, the Plaintiff must be accompanied by multiple United States Marshals while being transported and in the courtroom. Security can be facilitated by used of leg irons and a stun belt. Using these and other appropriate means, the United States Marshal Service can address the security issues associated with the Plaintiff's presence at trial.

For the above reasons, the Court orders that the Plaintiff shall be present at trial.[3]

**IT IS THEREFORE ORDERED** that:

(1)  The Plaintiff's Petition for Writ of Habeas Corpus as Testificandum **(#278)** is **GRANTED.** The Clerk of Court shall issue a writ of habeas corpus ad testificandum directing the Plaintiff be brought to the courthouse on October 30, 2006 for the trial scheduled in this action.

(2)  The United States Marshal Service is authorized to utilize a stun belt and leg irons

---

[2] The need for the Plaintiff's presence at trial might be less urgent had experienced counsel been long involved in this case. In addition, although the Defendants provide assurances that the Plaintiff will be allowed access to a telephone at critical moments of the trial, they have made similar assurances with regard to the Plaintiff's pretrial conferences with counsel which have not been honored by prison staff.

[3] In footnote 3 of his Reply, the Plaintiff objects to the Court's ruling at the final pretrial conference regarding the order of the presentation of evidence. This objection is overruled. Notwithstanding the shifting burden of proof, trial will proceed as directed at the final pretrial conference. The Plaintiff will proceed with his case-in-chief, and the Defendants will then proceed with their case-in-chief. The Plaintiff may then present a rebuttal case. Evidence of penological purposes that justify the regulation are limited to the purposes identified by the Defendants in the Final Pretrial Order. Determination of any Rule 52 motions will be reserved until all evidence has been presented.

to secure the Plaintiff while he is in the courthouse.

Dated this 20th day of October, 2006

                        **BY THE COURT:**

                        Marcia S. Krieger
                        United States District Judge