IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

        Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

        Defendants.

---

## ORDER SETTING THE MATTER FOR TRIAL

---

THIS MATTER comes before the Court on the parties' written responses (**#297, #298**) to the Court's Order (**#292**) directing them to simultaneously file briefs addressing the impact of a memorandum authored by Kathleen Kenney, the Assistant Director/General Counsel for the Federal Bureau of Prisons, on the Plaintiff's First Amendment claim.[1] Having considered the parties' briefs, the Court

**FINDS** and **CONCLUDES** that:

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Based upon the mistaken belief that the Court imposed a page limitation on these responses, the Plaintiff moved (**#299**) for leave to file a shorter brief.  Such motion is denied.  The Court has considered the Plaintiff's 29-page brief (**#297**) filed on January 2, 2007.

## II.  Background

### A. The Plaintiff's Claim

This litigation has been pending for more than 4 ½ years.  In it, the Plaintiff, Mark Jordan,

challenges the constitutionality of 28 C.F.R. § 540.20(b), which provides, in relevant part, that an

"inmate may not act as reporter or publish under a byline."  The Plaintiff has contended that,

based on this regulation, he has been and is prevented from publishing his writings and has been

and will be punished for attempting to do so.  He has argued that the regulation is

unconstitutional, both facially and in application.

As of October 2005, the Plaintiff had four claims:

(1)     28 C.F.R. § 540.20 is unconstitutional on its face because it impermissibly violates
        the First Amendment.

(2)     In applying the regulation, the Prison Officials violated the Plaintiff's First
        Amendment rights by exceeding the scope of the regulation.

(3)     In applying the regulation, the Prison Officials retaliated against the Plaintiff for
        exercising his First Amendment rights.

(4)     In applying the regulation, the Prison Officials violated the Plaintiff's First
        Amendment rights because the regulation is impermissibly vague.

The Court set a 3-day bench trial to commence on May 30, 2006, but due to entry of counsel for

the Plaintiff, the trial was reset for October 30, 2006.

### B. Defendants' Assertions of Mootness

At several junctures, the Defendants have argued that the Plaintiff's claims either were

moot, or were about to become moot, due to changes in policy within the Bureau of Prisons.  In

October, 2005, the Defendants suggested "that this matter may become moot in the relatively near

future" because "[t]he Bureau of Prisons is presently in the process of considering whether

2

interpretive language should be added to its Program Statement regarding 28 C.F.R. § 540.20(b)."  **(#113)**.  In January 2006, the Defendants moved **(#134)** to dismiss all of the Plaintiff's claims, as moot, due to implementation of two Institution Supplements that provided, *inter alia*, that "[a] column or article published under a byline alone is not prohibited conduct", and required staff to "examine the relationship between the inmate's activities and the inmate's contacts with the news media."  Upon consideration of the Institution Supplements and the Defendants' representations, the Court dismissed the Plaintiff's "as applied" claims  **(#216, #228),**[2] leaving only his facial challenge to 28 C.F.R. § 540.20(b). The Defendants then moved **(#245)** for reconsideration of the Court's determination that the facial challenge remained.  This motion was denied. **(#268)**.

### C. The Kenney Memorandum

On the eve of trial, the Defendants once again contended that Plaintiff's claim was moot. They relied upon a memorandum, written 10 days before the trial was to commence, by Kathleen Kenney, the Assistant Director/General Counsel for the Federal Bureau of Prisons.  For purposes of this ruling the memorandum is referred to as "the Kenney Memorandum".

The Kenney Memorandum provides, in relevant part:

> This memorandum clarifies the Bureau of Prisons' (Bureau)
> position on when to seek disciplinary action against inmates for
> publishing under a byline.  The need for this guidance stems from
> the recent proliferation of inmate written materials available in the
> community (e.g., internet, published books, etc.).  Changes to the
> Bureau's federal regulations and policies to reflect the contents of

---

[2] The "as applied" claims concerned past disciplinary infractions.  Pursuant to a stipulation between the parties, and consistent with the Institution Supplements, the prior disciplinary infractions were expunged from the Plaintiff's prison record and were not to be used against him in the future.  Thus, the prior applications of 28 C.F.R. § 540.20(b) to the Plaintiff had been remedied.

this memorandum are currently being drafted. . . .

> It is the Bureau's current position that an inmate's publication of material under a byline, by itself, should not automatically be deemed a prohibited act warranting disciplinary action.  Rather, there must be a factual basis for concluding the inmate's actions jeopardize the Bureau's legitimate penological interests in maintaining safe, secure, and orderly operating correctional institutions, or protection of the public.

It directs prison staff to consider four non-exclusive factors in determining whether to punish an inmate for violation of the regulation.  The Kenney Memorandum was drafted and issued with the express purpose of addressing the Plaintiff's facial challenge to the regulation.[3]

With concerns about the effect of the Kenney Memorandum upon the Plaintiff's claim, the Court vacated the October 30 trial, gave the parties the opportunity to conduct limited discovery and directed that they file simultaneous briefs addressing whether the Plaintiff's claim had become moot.  Those briefs **(#297, #298)** are now before the Court.

The Plaintiff contends that the Kenney Memorandum does not modify the regulation that is at issue.  The Defendants contend that the Kenney Memorandum is binding upon all prison staff

---

[3] The purpose of the Kenney Memorandum is explicated by Ms. Kenney in an e-mail she sent to the Bureau of Prison's Regional Directors that reads:

> Attached is a memorandum which clarifies when Bureau staff should seek disciplinary action against inmates for publishing under a byline.  Its message is self-explanatory.

> What is not self-explanatory is the purpose for issuing this memorandum. Its primary purpose is to address a litigation situation in the District of Colorado.  Specifically, a case is going to trial very soon whereby an inmate is challenging the Bureau's regulations which prohibit punishing under a byline.  In an effort to resolve that litigation without having the regulation invalidated by the court, this memorandum will support the government's argument that neither the plaintiff, nor any other inmate, will be disciplined for publishing under a byline alone. . . .

and therefore modifies the regulation and moots the Plaintiff's facial challenge.  However, the

Defendants also advise the Court that the regulation is now being reviewed for amendment, which

suggests that the Kenney Memorandum did not effectively modify it.  The Defendants also

contend that the Plaintiff cannot challenge the Kenney Memorandum without new initiation and

exhaustion of his administrative remedies.

### III.  Issue Presented

The issue presented is whether the Kenney Memorandum vitiates the need for a trial,

moots the Plaintiff's challenge to the regulation (28 C.F.R. § 540.20(b)), and requires dismissal of

this action.

### IV.  Analysis

There is no dispute as to the content of the Kenney Memorandum, nor as to its purpose.

However, the parties' arguments raise the issue as to what, if any, effect the Kenney

Memorandum has upon 28 C.F.R. § 540.20(b).  Determination of this issue has both factual and

legal components which, alone, necessitate an evidentiary hearing or trial.

Either the Kenney Memorandum effectively amends 28 C.F.R. § 540.20(b), or it does not.

If it does, then it is the regulation, as amended, which the Plaintiff challenges.  Because the nature

of the Plaintiff's constitutional challenge has been made known to the Defendants through the

Plaintiff's prior exhaustion of remedies, this Court sees no need for further exhaustion.  *See*

*Whitington v. Ortiz*, _ F.3d _, 2007 WL 10766, **2-3 (10th Cir. Jan. 3, 2007) (citing *Porter v.*

*Nussle*, 534 U.S. 516, 524-25 (2002)) (where there is an elaboration of an exhausted claim, there

is no independent requirement for exhaustion).  If the Kenney Memorandum does not effectively

amend 28 C.F.R. § 540.20(b), it nevertheless is pertinent to the *Turner* analysis[4] which will be conducted to determine Plaintiff's facial challenge.[5]

Although it is clear that the Defendants do not desire a trial on the Plaintiff's facial challenge to the constitutionality of 28 C.F.R. § 540.20(b), and have twice tried to render such claim moot through promulgation of Institution Supplements and the Kenney Memorandum, a trial is required to determine the effect of the Kenney Memorandum and the constitutionality of the regulation in light of it.

**IT IS THEREFORE ORDERED** that:

(1)     A 3-day bench trial is set for **May 29, 2007** at **8:30 a.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado.

(2)     The parties shall file a revised, proposed final pretrial order no later than January 31, 2007.

---

[4] Under *Turner v. Safley*, 482 U.S. 78, 89-90 (1987), the Court considers: (1) whether there is a rational connection between the regulation and a legitimate and neutral penological interest; (2) whether there are alternative means of exercising the asserted constitutional right; (3) whether accommodating the asserted right will have an undue burden on guards, other inmates, and the allocation of prison resources; and (4) whether there are "easy alternatives" which can be implemented at a *de minimis* cost and which show that the response of prison officials is exaggerated.

[5] The Defendants acknowledge as much by stating in their brief that "[t]he Kenney Memorandum is exactly the type of agency interpretation that the Court would need to address to assess the merits of the case."

(3)     The Plaintiff's Unopposed Motion for Leave to File an Amended Response to

Order to Show Cause **(#299)** is **DENIED**.

Dated this 18th day of January, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge