IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

       Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

       Defendants.

## ORDER DENYING MOTIONS

THIS MATTER comes before the Court on two motions filed by the Plaintiff: (1) a Petition for Writ of Habeas Corpus ad Testificandum **(#313)**, to which the Defendants responded **(#317)** and the Plaintiff replied **(#318)**; and (2) a Motion for Leave to Present Testimony of Theodore Kaczynski and Thomas Silverstein at Trial **(#320)**, to which the Defendants responded **(#322)** and the Plaintiff replied **(#323)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Petition for Writ of Habeas Corpus

Trial in this matter was previously set to commence at the end of October 2006. Shortly before that trial setting, the Court issued an Order granting the Plaintiff's Petition for a Writ of Habeas Corpus and authorized him to appear at the trial in person. The trial was subsequently vacated and reset to May 29, 2007.

The Plaintiff now moves for permission to attend the May 29, 2007 trial in person. He contends that his "issues and contentions . . . as analyzed by the Court in granting the first writ of habeas corpus ad testificandum" have not changed. He makes no additional arguments in his motion.

The Defendants oppose the issuance of a writ of habeas corpus ad testificandum at this juncture. As they did previously, they argue that the Plaintiff is a dangerous individual who has been convicted of murdering another inmate and who is housed in the administrative maximum federal prison in Florence, Colorado, in its restrictive Control Unit. They also argue that transporting the Plaintiff will require multiple escorts and will present an opportunity for the Plaintiff to harm others or escape from custody, and that housing the Plaintiff at FCI-Englewood during the trial will present additional risks. They further state that the Plaintiff will be permitted to consult with his attorneys by telephone during breaks and at the beginning and end of the trial day in a room which is 15 to 20 feet away from the ADX courtroom where the video communication equipment is located. The Defendants also contend that circumstances have changed since last October. In specific, they assert that the Plaintiff has been represented by counsel for almost an entire year, and counsel can no longer contend that they are unequipped to handle any surprises which may arise during the trial.

The Plaintiff's reply raises additional issues not set forth in his motion. He contends that his physical presence at trial is required because he has had difficulty arranging meetings with his counsel, and he might be required to miss a portion of the trial due to a mandatory count which takes place every afternoon after 3:45 p.m. He also fears that because of prison understaffing, there might be logistical problems in him appearing by video.

When the Court first ordered that the Plaintiff could appear at the October 2006 trial in person, it was upon consideration of a variety of factors. First, the Court noted that although a prisoner has no absolute right to attend the trial of his civil action, the Plaintiff's in-person appearance at the trial was favored in light of the then-existing circumstances. The Court considered four factors outlined by the Fourth Circuit in *Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107, 111-12 (4th Cir. 1988): (1) the expense of facilitating the Plaintiff's presence; (2) security concerns; (3) logistical issues; and (4) the Court's control over its docket. Against these factors, the Court considered whether the Plaintiff's physical presence in the courtroom would substantially further the resolution of the case, and whether the suit could be stayed until the Plaintiff has completed his sentence. At that juncture, the Court concluded that the Plaintiff should appear at the trial in person because his counsel were newly appointed and were law students working with a faculty advisor pursuant to General Order 2005-3 (Order Adopting Student Practice Rule). Of primary concern was that issues could arise during the trial which the Plaintiff was better equipped to handle than his counsel due to the recency of their appointment, and that the telephone option might not be adequate.

This is no longer the case. The Plaintiff has been ably represented by counsel for more than one year. In addition, trial in this matter is to the bench, which allows for flexibility not only in the order and presentation of evidence, but in the scheduling of recesses.

In addition, there are significant security concerns associated with Plaintiff's presence in the courtroom during trial. While incarcerated, the Plaintiff was convicted of the second degree murder of another inmate and various assault charges. For such offenses, he was sentenced to a total term of 420 months imprisonment to run consecutively to his earlier term of imprisonment

imposed in another case.  He is currently confined at ADX, the most secure prison in the federal system.  Transporting him to this courthouse is a trip of more than 100 miles in each direction, which alone will require commitment of significant resources and the time of multiple Deputy Marshals.  In Denver, the Plaintiff would be housed in a facility necessarily less secure than ADX.  Finally, the transportation of Plaintiff between such facility and the courthouse and his supervision during the trial will require the assistance of multiple Deputy Marshals.  Such extensive transportation, housing at a Denver facility and the Plaintiff's presence in the courtroom presents a risk of escape, of harm to law enforcement officers and a danger to the public.  To address security concerns, the United States Marshal Service will likely incur significant cost and will be required to divert already limited manpower to this case.

In contrast, ADX provides a hearing room which can be connected to the courthouse by video.  The Court has conducted several trials with Plaintiffs appearing from such facility.  The Plaintiff can participate visually and audibly in the trial.  The Plaintiff can confer with his counsel by phone, or the courtroom can be vacated to allow the Plaintiff and counsel to confer using the video system.  To the extent that the Plaintiff is unavailable, the trial can be interrupted or delayed until he is present in the conference room.  Security is preserved without additional cost.

The Plaintiff fears that there may be problems in his appearance, however, the Court finds that these fears are speculative, and if manifested, can be addressed during the trial.  Although having the Plaintiff appear by video creates some inconvenience to him, the inconvenience is incident to, and the natural result of, the Plaintiff's confinement in a maximum security prison.  In short, the Plaintiff's rights can be adequately protected through his appearance at trial by video.  Accordingly,  the Court denies the Plaintiff's petition for a writ of habeas corpus ad testificandum.

## II.  Motion to Present Testimony

Prior to the October 2006 trial date, the Plaintiff listed Theodore Kaczynski and Thomas Silverstein as potential trial witnesses.  He proffered that these witnesses would testify that they had published under a byline and not been punished.  The Defendants moved to preclude their testimony.  The Court granted the motion, in part, because the parties planned to enter stipulations of fact concerning publications by Mr. Kaczynski and Mr. Silverstein.

Now, the Plaintiff claims that testimony from these witnesses is relevant in light of the Kenney Memorandum. The Court treats this motion as one for reconsideration of the Court's prior ruling.

The Plaintiff argues that the prior publications by these individuals are relevant because they would be subject to punishment under the Kenney Memorandum.  He also contends that testimony from Mr. Kaczynski and Mr. Silverstein is needed to show that the Bureau of Prisons knew about their publications, yet chose not to punish them.  He intends to offer their testimony that they conversed with prison staff about their publications, testimony by Mr. Silverstein about his work as an artist, and testimony by Mr. Kaczynski about other publications he authored.

In response, the Defendants dispute the relevance of the testimony. They also contend that transporting either witness to testify by  video would cause unnecessary risk to staff and take staff away from other duties.  Finally, they contend that neither Mr. Kaczynski nor Mr. Silverstein can offer expert testimony, because neither was disclosed as an expert under Fed. R. Civ. P. 26(a)(2), and neither has any expert opinions which can be properly offered.

The sole issue presented in this case is whether the regulation under challenge violates the First Amendment.  Whether past conduct of other inmates would be subject to discipline under

the present memorandum which was issued years after these inmates published under a by-line does not appear relevant; in addition, neither witness is competent to offer such an opinion. Furthermore, it is also unclear how admissible testimony by these witnesses would augment factual stipulations - for example, it is uncontested that Mr. Kaczynski and Mr. Silverstein published articles without being punished under the regulation in effect at such time.

For these reasons, the Court denies the Plaintiff's request for these witnesses to testify at trial. Such denial is without prejudice. During the trial, and upon proffer of an appropriate foundation, the Court will entertain such new request as is appropriate.

**IT IS THEREFORE ORDERED** that:

(1) The Petition for Writ of Habeas Corpus ad Testificandum **(#313)** is **DENIED**.

(2) The Motion for Leave to Present Testimony of Theodore Kaczynski and Thomas Silverstein at Trial **(#320)** is **DENIED**, without prejudice.

Dated this 1st day of May, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge