IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-PAC

MARK JORDAN,

             Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

             Defendants.

---

## ORDER ON MOTIONS

---

BEFORE THE COURT are several motions: (1) the Plaintiff's Motion for Leave to Consult Telephonically with Counsel During Trial, or, in the Alternative, for Access to Electronic Text-Exchange Service to Facilitate Real-Time Communication (**#331**), to which the Defendants responded (**#339**) and the Plaintiff replied (**#340**); the Defendants' Amended Motion to Amend the Pretrial Order to Add Two Exhibits to the Joint Witness List (**#333**), to which the Plaintiff responded (**#334**); and (3) the Plaintiff's Motion to Designate Deposition Testimony for Admission at Trial Pursuant to Rule 801(d)(2) (**#336**).  Having considered the same, the Court

      **FINDS** and **CONCLUDES** that:

**I. Motion for Leave to Consult Telephonically with Counsel During Trial, or, in the Alternative, for Access to Electronic Text-Exchange Service to Facilitate Real-Time Communication (#331)**

Because he will appear at trial by video, the Plaintiff seeks specific technological accommodations to aid the presentation of his case.  These are either:

(1) The Plaintiff would be provided an unmonitored telephone line in the room containing the video equipment.  An uninterrupted telephone call would be placed from that phone to his counsel's cell phone.  His counsel would wear an earpiece connected to the cell phone, but would not be able to speak to the Plaintiff.  When the Plaintiff desired to tell his counsel something, he could mute the video connection.  He would have no cuffs on his hands and would be restrained with a stun belt and leg irons.  When he testifies, the telephonic communication would be disconnected.  Prison staff could remain present in the room but could wear either earplugs or headphones to prevent them from hearing any privileged communications.

Or:

(2) ADX would provide the Plaintiff with a computer equipped with real-time electronic text-messaging.  The computer could be secured to a table.  His counsel would connect a laptop computer to the Court's internet service provider.[1]  The Plaintiff would have no cuffs on his hands and would be restrained with a stun belt and leg irons.

As an alternative to both options, the Plaintiff asks that he be allowed telephone contact with his counsel for an hour prior to trial, during breaks, and for an hour following trial each day of the trial.  He also asks that no matter what arrangements are approved, a telephone should be installed in the video room to allow for easier communication.

---

[1] The Court offers no courtroom internet service.

The Defendants respond that the Plaintiff's two proposals will cause a significant impact on institutional security.   In specific, they contend that ADX's security protocols require that the Plaintiff remain handcuffed during the trial, otherwise there is the potential for him to assault staff. They assert that this Plaintiff, in particular, is "very adept" at taking notes and handling exhibits while handcuffed.  They are concerned that to the extent that Plaintiff seeks to be alone with any equipment, he might be able to dismantle and convert the equipment into a weapon or key.  With regard to the request for a computer, they state that ADX policy prohibits inmates from using computers, and they have no computer for the Plaintiff to use.  The Defendants are also concerned that the Plaintiff might exchange text messages with people other than his attorneys. However, the Defendants state that it might be possible to connect a telephone to the legal calls line which the Plaintiff would be able to use from the room where the video equipment is located, resources permitting.[2]

The Court agrees that the Plaintiff's proposals present a multitude of foreseeable security risks.  As the Court stated in its Order denying the Plaintiff's petition for a writ of habeas corpus ad testificandum, the Plaintiff is an inmate at a supermaximum facility, and while incarcerated, was convicted of the second degree murder of another inmate.  The Tenth Circuit recently affirmed this conviction and resulting sentence.  *See United States v. Jordan*, _ F.3d _, 2007 WL 1444091 (10th Cir. May 17, 2007).  Both of the Plaintiff's proposals would require ADX staff to make exceptions to their security policies and provide the Plaintiff with computer equipment which he

---

[2] The Defendants also object to paying for lengthy long distance telephone calls each day of the trial.  The Plaintiff has expressed a willingness to reimburse the Defendants for this expense.  The Court does not consider the cost of a telephone call to present a security risk to prison operations, thus does not consider it in determining this motion.

3

could potentially convert to another, unintended use.  The Court will not require ADX staff to make these exceptions, particularly in light of the other options which are available.

Regardless of expense, the Defendants will provide the Plaintiff with access to an unmonitored telephone line to allow him to communicate with counsel during recesses and before and after trial each day.[3]  The Plaintiff shall have access to a telephone in the video room where he is located or in a room across from the video room.

In addition, because this trial is to the bench, the Plaintiff or his counsel can request an opportunity to confer during the trial. This can be by telephone or, if necessary, by video connection in the courtroom when all persons other than counsel for the Plaintiff have left. Therefore, the Plaintiff's motion for either a continuous, one-way telephone call or computer equipment is denied.

## II.  Motion to Amend the Pretrial Order to Add Two Exhibits to the Joint Witness List (#333)

The Defendants seek to amend the witness list attached to the Pretrial Order to include two new exhibits which came into existence on April 17 and May 8, 2007.  Both are amendments to Institution Supplements at ADX, and both incorporate language from the Kenney Memorandum, which is another exhibit on the exhibit list.  The Defendants contend that the Pretrial Order should be amended to prevent manifest injustice.

The Plaintiff opposes the motion.  He contends that he will be prejudiced if the Pretrial Order is amended because he is unable to conduct any discovery with regard to the amended

---

[3] The Court expects counsel to work together to determine what time these telephone calls will take place and how long they will last.  If they are unable to agree, then counsel may bring the matter to the Court's attention at trial.

Institution Supplements before trial.  In particular, he complains that he will have no opportunity to further depose the Defendants' experts.  He believes that amendment of the Pretrial Order to include these exhibits would disrupt the trial, because testimony about the exhibits would be a surprise.  Finally, he asserts that the Defendants' production of these exhibits is the result of a lack of diligence.

A party moving to amend a pretrial order bears the burden of proving that there will be manifest injustice if the amendment is disallowed.  *See Davey v. Lockheed Martin Corp.,* 301 F.3d 1204, 1208 (10th Cir. 2002).[4]  Determination of whether to allow such amendment is guided by four factors: (1) whether the party opposing the motion would be prejudiced or surprised by the amendment; (2) the party's ability to cure any prejudice; (3) whether amendment will disrupt the trial; and (4) whether the moving party has acted in bad faith.  *Id.* at 1210.

The Defendant has shown there will be manifest injustice if the Pretrial Order is not amended.  Both Institution Supplements are new, recent creations of ADX that could not have been listed in the original Exhibit List.  Both were disclosed shortly after they came into existence on April 17 and May 8, 2007.   To the extent that they are admissible, to preclude their presentation could be manifestly unjust.

It is not clear that the Plaintiff will be prejudiced if the exhibit list is amended.  First, additions to the exhibit list do not mean that documents will be admitted at trial.  Second, to the extent that the amendments simply incorporate language from the Kenney Memorandum, this was disclosed to the Plaintiff several months ago. Third, it is unclear why depositions with regard to

---

[4] Pursuant to Fed. R. Civ. P. 16(e), "The order following a final pretrial conference shall be modified only to prevent manifest injustice."  This rule does not define the term "manifest injustice."

these documents are necessary prior to trial.  This is a trial to the bench. The Plaintiff can ask whatever questions he deems appropriate in relation to these Institution Supplements during trial and if there is undue surprise, a request for continuance may be made.  Finally, the Court cannot conclude, simply because there was a delay in implementing the Kenney Memorandum in the Institution Supplements, that such delay was the result of bad faith.

Therefore, the Court grants the Defendants' motion to amend the Pretrial Order.  The exhibit list is amended to include the two new Institution Supplements.

### III.  Motion to Designate Deposition Testimony for Admission at Trial Pursuant to Rule 801(d)(2) (#336)

The Plaintiff seeks leave to designate excerpts from the deposition testimony of John Shartle to present during his case-in-chief at trial as admissions of a party-opponent, in lieu of live testimony.  However, the witness list reflects that both the Plaintiff and the Defendants intend to call Mr. Shartle in their respective cases.   Since Mr. Shartle has been designated and will be available at trial, use of deposition testimony is inappropriate.  The anticipated use of deposition testimony to refresh recollection or for impeachment purposes does not require designation prior to trial. Therefore the motion is denied.

**IT IS THEREFORE ORDERED** that:

(1)     The Plaintiff's Motion for Leave to Consult Telephonically with Counsel During Trial, or, in the Alternative, for Access to Electronic Text-Exchange Service to Facilitate Real-Time Communication **(#331)** is **DENIED**.

(2)     The Defendants' Amended Motion to Amend the Pretrial Order to Add Two Exhibits to the Joint Witness List **(#333)** is **GRANTED**.

(3)     The Plaintiff's Motion to Designate Deposition Testimony for Admission at Trial

Pursuant to Rule 801(d)(2) **(#336)** is **DENIED,** without prejudice.

Dated this 22nd day of May, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge