IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01239-MSK-KLM

MARK JORDAN,

        Plaintiff,

v.

MICHAEL V. PUGH,
J. YORK,
R.E. DERR,
B. SELLERS, and
STANLEY ROWLETT,

        Defendants.

## ORDER ON POST-TRIAL MOTIONS

THIS MATTER comes before the Court on the following motions:

(1)     The Plaintiff's Motion for Finding Pursuant to 18 U.S.C. § 3626(a)(1) **(#357)**, to which the Defendants responded **(#364)** and the Plaintiff replied **(#377)**.

(2)     The Defendants' Motion to Amend Judgment **(#358)**, to which the Plaintiff responded **(#365)** and the Defendants replied **(#378)**.

(3)     The Defendants' Motion to Stay the Judgment **(#368)**, to which the Plaintiff responded **(#370)**.

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

On August 9, 2007, the Court issued a Memorandum Opinion and Order **(#354)** addressing the Plaintiff's facial challenge to the constitutionality of 28 C.F.R. § 540.20(b), a regulation which provides that an "inmate may not act as reporter or publish under a byline." First, the Court concluded that the Plaintiff had standing not only to challenge the regulation's prohibition on publishing under a byline (which the Court referred to as "the Byline Regulation"), but also that he had standing to challenge the Byline Regulation's facial overbreadth on behalf of other inmates and the press. The Court then concluded that the Byline Regulation violates the First Amendment rights of the Plaintiff, other inmates in federal institutions, and the press.

The Court then entered a Judgment **(#355)** in favor of the Plaintiff and against the Defendants. The Judgment declares "that the language of 28 C.F.R. § 540.20(b), 'The inmate may not . . . publish under a byline', violates the First Amendment to the United States Constitution" and enjoins the Federal Bureau of Prisons "from punishing any inmate for violation of 28 C.F.R. § 540.20(b)'s provision that: 'The inmate may not . . . publish under a byline.'"

The Plaintiff now requests amendment of the Memorandum Opinion and Order to include an additional, specific finding under 18 U.S.C. § 3626(a)(1). The Defendants request amendment of the Judgment to limit the scope of the injunction to actions against the Plaintiff. The Defendants also move to stay the Judgment while the Court considers the first two motions. All three motions are opposed.

### III. Issue Presented

The issue presented is whether the Court should amend either its Memorandum Opinion and Order, or the Judgment, in the manner requested by the parties.

### IV. Analysis

#### A. The Plaintiff's Motion to Amend the Memorandum Opinion and Order

The Plaintiff asks the Court to amend the Memorandum Opinion and Order to include a specific finding pursuant to 18 U.S.C. § 3626(a)(1). He contends that this statute requires a court to make specific findings before ordering prospective relief against the Federal Bureau of Prisons. Although he believes such findings are implicit in the Court's ruling, he asks for an express finding at this juncture.

The Defendants oppose the motion. First, they contend that the Plaintiff has not shown that a manifest error of law occurred such that the Plaintiff is entitled to relief under Fed. R. Civ. P. 59(e). They also contend that the Plaintiff now raises a new issue he did not previously raise, and that he asks the Court to make a new finding without any evidence to support it. They further contend that because the Plaintiff did not previously raise this issue, the Defendants did not address it or present any evidence on it at trial.

All parties assume that the Plaintiff's motion falls within the purview of Fed. R. Civ. P. 59(e), which requires the filing of a motion to alter or amend a <u>judgment</u> within 10 days after the entry of judgment. However, the Court disagrees that the Plaintiff's request is one to alter or amend the judgment. To the contrary, his aim is to preserve the judgment precisely as it is written. What he seeks, rather, is a supplemental finding to ensure that the judgment remains valid.

Pursuant to 18 U.S.C. § 3626(a)(1), this Court is compelled to make certain findings before ordering prospective relief with regard to prison conditions. This statute provides:

> (a) Requirements for relief.--
> (1) Prospective relief.--(A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Neither party requested the Court to make any findings pursuant to this statute before or at trial. However, the absence of such request does not make the statute any less binding. The statute requires that a court make specific findings before ordering prospective relief. Although the Court believes that these findings are implicit in its Memorandum Opinion and Order, the Court did not make any express findings, and does so now in supplementation of its earlier ruling.

Based upon the evidence presented at trial, the Court is capable of making express findings pursuant to 18 U.S.C. § 3626(a)(1). The Court has determined that the Byline Regulation violates the First Amendment rights of the Plaintiff, other inmates and the press. Thus, the Byline Regulation cannot be enforced. The Court has narrowly tailored its injunction to prohibit the Federal Bureau of Prisons from punishing inmates for violating the Byline Regulation. The Court finds that the injunction is as narrow as it can practically be, that it extends no further than is necessary to correct the First Amendment violation, and that it is the least intrusive means necessary to correct the First Amendment violation. As for any adverse impact on public safety

or the operation of a criminal justice system, the evidence presented at trial shows there to be minimal or no impact on either. Indeed, in its Memorandum Opinion and Order, the Court addressed, at substantial length, the absence of evidence to suggest that the Byline Regulation furthered any security objective. Thus, prospective relief against the Federal Bureau of Prisons is appropriate.

**B.  The Defendants' Motion to Amend Judgment**

Pursuant to Fed. R. Civ. P. 59(e), the Defendants contend that the scope of the injunction is too broad. They ask the Court to amend the nationwide injunction to apply only to the Plaintiff.[1] They contend that because this is not a class action, the Court cannot grant any relief beyond the named Plaintiff. They also assert that pursuant to 18 U.S.C. § 3626(a)(1), the Court is precluded from ordering prospective relief for anyone apart from the Plaintiff. Finally, they contend that the injunction improperly extends into other jurisdictions, and equates to an improper application of the doctrine of nonmutual collateral estoppel to the Federal Bureau of Prisons.

The Plaintiff opposes the motion. First, he contends that the Defendants have not made the requisite showing under Fed. R. Civ. P. 59(e) to alter the judgment. He then asserts that the nationwide scope of the injunction is proper, because he prevailed on a challenge to the Byline Regulation's facial overbreadth.

The Defendants' motion is brought pursuant to Fed. R. Civ. P. 59(e). Under this rule, a party may move to alter or amend a judgment to correct a manifest error of law, or to present newly discovered evidence. *See Loughridge v. Chiles Power Supply Co., Inc.,* 431 F.3d 1268,

---

[1] They previously asked the Court to amend the judgment to reflect that judgment is entered in their favor on the Plaintiff's challenge to the portion of the regulation which prohibits an inmate from acting as a reporter. They subsequently withdrew this request.

1274-75 (10th Cir. 2005). Here, the Defendants claim that the Court committed a manifest error of law by issuing an injunction which prohibits the Federal Bureau of Prisons from punishing any inmate for violating the Byline Regulation.

The parties' disagreement is resolved by focusing on the fundamental nature of the claim that was brought and determined. The Plaintiff presented a First Amendment facial overbreadth challenge to the Byline Regulation. As to such a challenge, no class action need be commenced, nor need a class be certified. As the Supreme Court observed in *Broadrick v. Oklahoma,* 413 U.S. 601, 612 (1973), courts allow litigants to challenge the constitutionality of a law "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the [law's] very existence may cause others not before the court to refrain from constitutionally protected speech or expression."

As with a statute, when a regulation is unconstitutionally facially overbroad, one remedy is to invalidate the regulation. *See Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005) (citing Kathleen M. Sullivan & Gerald Gunther, First Amendment Law 333 (1999)). If, as here, a law punishes a substantial amount of protected free speech (i.e., all inmate publications under a byline in the news media which do not threaten prison security or amount to conducting a business), judged in relation to speech which can be properly punished (i.e., inmate news media publications which threaten prison security or amount to conducting a business), then the regulation is invalidated and all enforcement of the regulation is prohibited "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Virginia v. Hicks*, 539 U.S. 113, 118-19 (2003) (quoting *Broadrick*, 413 U.S. at 613).

The express language and effect of this Court's declaratory ruling is to invalidate the Byline Regulation and to prohibit its enforcement by the Defendants (i.e., the Federal Bureau of Prisons). Under *Hicks* and *Broadrick*, there really is no meaningful distinction between the Court's declaration that the Byline Regulation is facially invalid and the Court's injunction of all punishment for violation of the Byline Regulation.

The Defendants urge that the Court should narrow the scope of the injunction to comport with language in 18 U.S.C. § 3626(a)(1) that prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." They contend that this language requires that the injunction be limited solely to a prohibition against punishing the Plaintiff. The Court disagrees. The constitutional violation which the Plaintiff proved in this case is one of facial overbreadth. As stated *supra*, the Byline Regulation authorizes punishment of a substantial amount of protected free speech, when judged in relation to the amount of unprotected speech for which it authorizes punishment. The only prospective relief which can correct this violation is a prohibition on the Byline Regulation's enforcement against any inmate.

The Defendants also contend that this Court cannot set precedent for other jurisdictions, and that a nationwide injunction impermissibly equates to application of the doctrine of nonmutual collateral estoppel against the Federal Bureau of Prisons.[2] The Court does not purport to set any

---

[2] In support of this assertion, the Defendants rely upon *United States v. Mendoza*, 464 U.S. 154 (1984). In *Mendoza*, 464 U.S. at 162, the Supreme Court concluded that nonmutual collateral estoppel cannot be used against the United States "in such a way as to preclude relitigation of issues such as those involved in this case." Many courts interpret *Mendoza*'s holding as qualified, rather than absolute. *See, e.g., Colorado Springs Production Credit Ass'n v. Farm Credit Admin.,* 666 F.Supp. 1475, 1477-78 (D.Colo. 1987) (citing cases). In any event, nothing in *Mendoza* limits the scope of an injunction following a determination that a regulation or statute is facially invalid.

precedent by its decision. Rather, what the Court has done is decide the claim presented in this lawsuit. When a court determines that a regulation is facially invalid, it is proper to enjoin all application and enforcement of the regulation. *See National Mining Assoc. v. U.S. Army Corps. of Engineers*, 145 F.3d 1399, 1408-09 (D.C. Cir. 1998) (affirming nationwide injunction prohibiting enforcement of an agency regulation which was facially invalid); *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989) (stating that "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated-not that their application to the individual petitioners is proscribed."). Contrary to the Defendants' assertion, this does not amount to the improper application of nonmutual collateral estoppel to the Federal Bureau of Prisons, and instead is merely the natural consequence of the Court's decision on the claim presented.

Finally, the Defendants argue that it was improper to decide the facial overbreadth claim because the Byline Regulation had actually been applied to the Plaintiff. This argument is, in essence, an argument that the Plaintiff's claim should have been treated as an "as-applied" rather than a facial challenge. At the time this litigation commenced, it is true that the Byline Regulation had been applied to the Plaintiff. However, after commencement of the litigation, the Defendants "unapplied" it to him in an attempt to render his claims moot. This action had the effect of rendering the Plaintiff's as-applied claims moot. Thus, the Court was left to resolve the Plaintiff's facial overbreadth claim. The Defendants cannot now complain that this is what the Court did.

Having determined both motions asserted under Rule 59(e), the motion to stay the judgment pending a determination on such motions is now moot.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Motion for Finding Pursuant to 18 U.S.C. § 3626(a)(1) **(#357)** is **GRANTED**. The Court's supplemental finding is set forth in this Order.

(2) The Defendants' Motion to Amend Judgment **(#358)** is **DENIED**.

(3) The Defendants' Motion to Stay the Judgment **(#368)** is **DENIED**, as moot.

Dated this 4th day of October, 2007

                                      **BY THE COURT:**

                                      */s/ Marcia S. Krieger*

                                      Marcia S. Krieger
                                      United States District Judge