|  |  |
|---|---|
| **UNITED STATES COURT OF APPEALS**<br><br>**TENTH CIRCUIT** | **FILED**<br>**United States Court of Appeals**<br>**Tenth Circuit**<br><br>**December 8, 2017**<br><br>**Elisabeth A. Shumaker**<br>**Clerk of Court** |
| MARK JORDAN,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL V. PUGH; J. YORK; R. E. DERR; B. SELLERS; STANLEY ROWLETT,<br><br>    Defendants - Appellees.<br><br>-------------------------------<br><br>FRANCIS SCHAEFFER COX,<br><br>    Movant - Appellant. | No. 17-1280<br>(D. C. No. 1:02-CV-01239-MSK-KLM)<br>(D. Colo.) |

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Francis Schaeffer Cox, a federal prisoner appearing pro se, appeals from the district court's denial of his motion to intervene in a case previously filed by another inmate that is now closed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 2002, a federal inmate named Mark Jordan, who at the time was housed in the Administrative Maximum Unit in Florence, Colorado, filed a lawsuit challenging the constitutionality of a prison regulation, 28 C.F.R. § 540.20(b), that forbid inmates from "act[ing] as a reporter or publish[ing] under a byline." The Bureau of Prisons (BOP) interpreted the regulation as "prohibit[ing] inmates from publishing under a byline online in the 'news media,'" which the BOP defined "as newspapers, news magazines, national and international news services, and TV and radio news programs." Jordan v. Pugh, 504 F. Supp. 2d 1109, 1112 (D. Colo. 2007). The case proceeded to a bench trial and the district court found in Jordan's favor, concluding that the challenged regulation "violate[d] the First Amendment rights of Mr. Jordan, other inmates in federal institutions, and the press." Id. at 1126. As part of the relief granted, the district court enjoined the BOP "from punishing any inmate for violation of" the challenged regulation. Id. Judgment in the case was entered on August 9, 2007. There was no appeal from the judgment and the case was closed.

On May 23, 2017, appellant Cox, a federal inmate incarcerated at the United States Penitentiary in Marion, Illinois, filed a motion to intervene, both as of right and

permissively. In his motion, Cox alleged that in late 2016, the BOP had disciplined him for violating the regulation that was declared unconstitutional in Jordan. Cox in turn alleged that he was seeking to enforce against the BOP the injunction that had been entered in Jordan. In support of his motion, Cox submitted copies of BOP documents indicating that a prison disciplinary hearing officer (DHO) sanctioned him with disallowance of good conduct time credits and the temporary loss of commissary, phone and email privileges for "hav[ing] committed the prohibited act of Use of the Telephone for Abuses Other Than Criminal Activity, Code 297." ROA, Vol. 1 at 92. In support, the DHO found that on November 3, 2016, Cox placed a telephone call to a pastor who was in the midst of conducting a regularly scheduled live internet program and, in turn, spoke with the pastor as part of the program that was broadcast to the internet audience.

On June 16, 2017, the district court summarily denied Cox's motion, noting that there was "no currently-pending action in which [he] could intervene." Id. at 97.

On July 18, 2017, Cox filed a motion for reconsideration of the district court's ruling. On July 19, 2017, the district court denied his motion for reconsideration by a text-only docket entry that stated:

> Mr. Cox's reliance upon Floyd v. Ortiz, 300 F.3d 1223 (10th Cir. 2002), is misplaced for several reasons. Unlike in that case, the judgment entered here in favor of Mr. Jordan was not intended to be enforceable by inmates other than Mr. Jordan, nor did the Court retain jurisdiction over the matter in anticipation of further proceedings. To the extent Mr. Cox believes that his First Amendment rights are being infringed by the Federal Bureau of Prisons, he is free to commence his own lawsuit asserging [sic] as much.

Dist. Ct. Docket No. 415.

Cox filed a timely notice of appeal.

II

An order denying intervention is a final and appealable order if it prevents a putative party from participating in litigation. Equal Emp't Opportunity Comm'n v. PJ Utah, LLC, 822 F.3d 536, 539 (10th Cir. 2016). We review de novo a district court's denial of a motion to intervene as of right under Federal Rule of Civil Procedure 24(a). Id. We review for abuse of discretion a district court's denial of a motion to permissively intervene under Federal Rule of Civil Procedure 24(b). Id.

Intervention is governed generally by Federal Rule of Civil Procedure 24. As outlined in Rule 24, the right to intervene, either unconditionally or conditionally, can be afforded by a federal statute. Fed. R. Civ. P. 24(a)(1) and (b)(1)(A). No such right is at play in this case, however, and Cox does not assert otherwise. Rule 24 also requires a district court to permit intervention if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Again, however, no such interest is at issue in this case.

For Cox, who is neither a government officer or agency as required by Federal Rule of Civil Procedure 24(b)(2), that leaves only one other avenue for intervention: that he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Although Cox's motion alleged on its face that his

4

claim against BOP officials shared a common question of law with Jordan, i.e., the constitutionality of 28 C.F.R. § 540.20(b), the BOP documents he submitted in support of his motion belie that allegation. Those documents indicate that Cox was not punished for violating § 540.20(b), but rather for violating an entirely different disciplinary code provision. Thus, his claim against BOP officials does not, in fact, share with Jordan a common question of law or fact.

Thus, in sum, we conclude that Cox failed to assert a valid basis for intervening in Jordan.

AFFIRMED.

                                          Entered for the Court

                                          Mary Beck Briscoe
                                          Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

December 08, 2017

Chris Wolpert
Chief Deputy Clerk

Francis Schaeffer Cox
USP - Marion
P.O. Box 1000
Marion, IL 62959
#16179-006

**RE:**   17-1280, Jordan, et al v. Pugh, et al
Dist/Ag docket: 1:02-CV-01239-MSK-KLM

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Paul Farley
      Laura Rovner

EAS/na